JS 44 (Rev. 10/20)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

## I. (a) PLAINTIFFS

Lindsay Gordon

## DEFENDANTS

FRANK M. VACCARO & ASSOCIATES, INC

**(b)** County of Residence of First Listed Plaintiff  Bucks County
*(EXCEPT IN U.S. PLAINTIFF CASES)*

County of Residence of First Listed Defendant  Philadelphia County
*(IN U.S. PLAINTIFF CASES ONLY)*
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

**(c)** Attorneys *(Firm Name, Address, and Telephone Number)*
Katherine C. Oeltjen, Esq., Console Mattiacci Law,
1525 Locust Street, 9th Fl., Philadelphia, PA 19102

Attorneys *(If Known)*

## II. BASIS OF JURISDICTION *(Place an "X" in One Box Only)*

| | |
|---|---|
| ☐ 1 U.S. Government Plaintiff | ☒ 3 Federal Question *(U.S. Government Not a Party)* |
| ☐ 2 U.S. Government Defendant | ☐ 4 Diversity *(Indicate Citizenship of Parties in Item III)* |

## III. CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff and One Box for Defendant)*
*(For Diversity Cases Only)*

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT *(Place an "X" in One Box Only)*

Click here for: Nature of Suit Code Descriptions.

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ☐ 625 Drug Related Seizure of Property 21 USC 881 | ☐ 422 Appeal 28 USC 158 | ☐ 375 False Claims Act |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 365 Personal Injury - Product Liability | ☐ 690 Other | ☐ 423 Withdrawal 28 USC 157 | ☐ 376 Qui Tam (31 USC 3729(a)) |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | ☐ 367 Health Care/ Pharmaceutical Personal Injury Product Liability | | | ☐ 400 State Reapportionment |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander | | | **PROPERTY RIGHTS** | ☐ 410 Antitrust |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Federal Employers' Liability | | | ☐ 820 Copyrights | ☐ 430 Banks and Banking |
| ☐ 151 Medicare Act | ☐ 340 Marine | ☐ 368 Asbestos Personal Injury Product Liability | | ☐ 830 Patent | ☐ 450 Commerce |
| ☐ 152 Recovery of Defaulted Student Loans (Excludes Veterans) | ☐ 345 Marine Product Liability | **PERSONAL PROPERTY** | **LABOR** | ☐ 835 Patent - Abbreviated New Drug Application | ☐ 460 Deportation |
| | ☐ 350 Motor Vehicle | ☐ 370 Other Fraud | ☐ 710 Fair Labor Standards Act | ☐ 840 Trademark | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 355 Motor Vehicle Product Liability | ☐ 371 Truth in Lending | ☐ 720 Labor/Management Relations | ☐ 880 Defend Trade Secrets Act of 2016 | ☐ 480 Consumer Credit (15 USC 1681 or 1692) |
| ☐ 160 Stockholders' Suits | ☐ 360 Other Personal Injury | ☐ 380 Other Personal Property Damage | ☐ 740 Railway Labor Act | | ☐ 485 Telephone Consumer Protection Act |
| ☐ 190 Other Contract | ☐ 362 Personal Injury - Medical Malpractice | ☐ 385 Property Damage Product Liability | ☐ 751 Family and Medical Leave Act | **SOCIAL SECURITY** | ☐ 490 Cable/Sat TV |
| ☐ 195 Contract Product Liability | | | ☐ 790 Other Labor Litigation | ☐ 861 HIA (1395ff) | ☐ 850 Securities/Commodities/ Exchange |
| ☐ 196 Franchise | | | ☐ 791 Employee Retirement Income Security Act | ☐ 862 Black Lung (923) | ☐ 890 Other Statutory Actions |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | | ☐ 863 DIWC/DIWW (405(g)) | ☐ 891 Agricultural Acts |
| ☐ 210 Land Condemnation | ☐ 440 Other Civil Rights | **Habeas Corpus:** | | ☐ 864 SSID Title XVI | ☐ 893 Environmental Matters |
| ☐ 220 Foreclosure | ☐ 441 Voting | ☐ 463 Alien Detainee | | ☐ 865 RSI (405(g)) | ☐ 895 Freedom of Information Act |
| ☐ 230 Rent Lease & Ejectment | ☒ 442 Employment | ☐ 510 Motions to Vacate Sentence | | | ☐ 896 Arbitration |
| ☐ 240 Torts to Land | ☐ 443 Housing/ Accommodations | ☐ 530 General | | **FEDERAL TAX SUITS** | ☐ 899 Administrative Procedure Act/Review or Appeal of Agency Decision |
| ☐ 245 Tort Product Liability | ☐ 445 Amer. w/Disabilities - Employment | ☐ 535 Death Penalty | **IMMIGRATION** | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 950 Constitutionality of State Statutes |
| ☐ 290 All Other Real Property | ☐ 446 Amer. w/Disabilities - Other | **Other:** | ☐ 462 Naturalization Application | ☐ 871 IRS—Third Party 26 USC 7609 | |
| | ☐ 448 Education | ☐ 540 Mandamus & Other | ☐ 465 Other Immigration Actions | | |
| | | ☐ 550 Civil Rights | | | |
| | | ☐ 555 Prison Condition | | | |
| | | ☐ 560 Civil Detainee - Conditions of Confinement | | | |

## V. ORIGIN *(Place an "X" in One Box Only)*

| | | | | | | |
|---|---|---|---|---|---|---|
| ☒ 1 Original Proceeding | ☐ 2 Removed from State Court | ☐ 3 Remanded from Appellate Court | ☐ 4 Reinstated or Reopened | ☐ 5 Transferred from Another District *(specify)* | ☐ 6 Multidistrict Litigation - Transfer | ☐ 8 Multidistrict Litigation - Direct File |

## VI. CAUSE OF ACTION

Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity)*:
42. U.S.C. §2000e, et seq.; 29 U.S.C. § 2601, et seq.; 42 U.S.C. § 12101, et seq.; 43 P.S. §951, et seq.; Phila. Code § 9-1101, et seq.

Brief description of cause:
Plaintiff brings this action against her former employer for unlawful sex and pregnancy discrimination.

## VII. REQUESTED IN COMPLAINT:

☐ CHECK IF THIS IS A **CLASS ACTION** UNDER RULE 23, F.R.Cv.P.

**DEMAND $**
in excess of $75,000

CHECK YES only if demanded in complaint:
**JURY DEMAND:** ☒ Yes ☐ No

## VIII. RELATED CASE(S) IF ANY

*(See instructions):*

JUDGE _____ DOCKET NUMBER _____

DATE 3/10/2023

SIGNATURE OF ATTORNEY OF RECORD
*Katherine C. Oeltjen*

**FOR OFFICE USE ONLY**

RECEIPT # _____ AMOUNT _____ APPLYING IFP _____ JUDGE _____ MAG. JUDGE _____

FOR THE EASTERN DISTRICT OF PENNSYLVANIA

**DESIGNATION FORM**
*(to be used by counsel or pro se plaintiff to indicate the category of the case for the purpose of assignment to the appropriate calendar)*

Address of Plaintiff: _____ Feasterville, PA 19053 _____

Address of Defendant: _____ 1719 Spring Garden Street, Philadelphia, PA 19130 _____

Place of Accident, Incident or Transaction: _____

---

**RELATED CASE, IF ANY:**

Case Number: _____ Judge: _____ Date Terminated: _____

Civil cases are deemed related when *Yes* is answered to any of the following questions:

1. Is this case related to property included in an earlier numbered suit pending or within one year previously terminated action in this court? — Yes [ ] No [✓]

2. Does this case involve the same issue of fact or grow out of the same transaction as a prior suit pending or within one year previously terminated action in this court? — Yes [ ] No [✓]

3. Does this case involve the validity or infringement of a patent already in suit or any earlier numbered case pending or within one year previously terminated action of this court? — Yes [ ] No [✓]

4. Is this case a second or successive habeas corpus, social security appeal, or pro se civil rights case filed by the same individual? — Yes [ ] No [✓]

I certify that, to my knowledge, the within case [ ] is / [•] is not related to any case now pending or within one year previously terminated action in this court except as noted above.

DATE: 03/10/2023 _____ *Attorney-at-Law / Pro Se Plaintiff* _____ 318037 _____
*Attorney I.D. # (if applicable)*

---

**CIVIL: (Place a √ in one category only)**

**A.** *Federal Question Cases:*

1. [ ] Indemnity Contract, Marine Contract, and All Other Contracts
2. [ ] FELA
3. [ ] Jones Act-Personal Injury
4. [ ] Antitrust
5. [ ] Patent
6. [ ] Labor-Management Relations
7. [✓] Civil Rights
8. [ ] Habeas Corpus
9. [ ] Securities Act(s) Cases
10. [ ] Social Security Review Cases
11. [ ] All other Federal Question Cases
*(Please specify):* _____

**B.** *Diversity Jurisdiction Cases:*

1. [ ] Insurance Contract and Other Contracts
2. [ ] Airplane Personal Injury
3. [ ] Assault, Defamation
4. [ ] Marine Personal Injury
5. [ ] Motor Vehicle Personal Injury
6. [ ] Other Personal Injury *(Please specify):* _____
7. [ ] Products Liability
8. [ ] Products Liability – Asbestos
9. [ ] All other Diversity Cases
*(Please specify):* _____

---

**ARBITRATION CERTIFICATION**
*(The effect of this certification is to remove the case from eligibility for arbitration.)*

I, Katherine C. Oeltjen, Esquire , counsel of record *or* pro se plaintiff, do hereby certify:

[X] Pursuant to Local Civil Rule 53.2, § 3(c) (2), that to the best of my knowledge and belief, the damages recoverable in this civil action case exceed the sum of $150,000.00 exclusive of interest and costs:

[X] Relief other than monetary damages is sought.

DATE: 03/10/2023 _____ *Attorney-at-Law / Pro Se Plaintiff* _____ 318037 _____
*Attorney I.D. # (if applicable)*

NOTE: A trial de novo will be a trial by jury only if there has been compliance with F.R.C.P. 38.

Civ. 609 (5/2018)

**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

**CASE MANAGEMENT TRACK DESIGNATION FORM**

| | | |
|---|---|---|
| Lindsay Gordon | : | CIVIL ACTION |
| | : | |
| v. | : | |
| | : | |
| Frank M. Vaccaro & Associates, Inc. | : | NO. |

In accordance with the Civil Justice Expense and Delay Reduction Plan of this court, counsel for plaintiff shall complete a Case Management Track Designation Form in all civil cases at the time of filing the complaint and serve a copy on all defendants.  (See § 1:03 of the plan set forth on the reverse side of this form.)  In the event that a defendant does not agree with the plaintiff regarding said designation, that defendant shall, with its first appearance, submit to the clerk of court and serve on the plaintiff and all other parties, a Case Management Track Designation Form specifying the track to which that defendant believes the case should be assigned.

**SELECT ONE OF THE FOLLOWING CASE MANAGEMENT TRACKS:**

(a) Habeas Corpus – Cases brought under 28 U.S.C. § 2241 through § 2255.                ( )

(b) Social Security – Cases requesting review of a decision of the Secretary of Health
and Human Services denying plaintiff Social Security Benefits.                ( )

(c) Arbitration – Cases required to be designated for arbitration under Local Civil Rule 53.2.  ( )

(d) Asbestos – Cases involving claims for personal injury or property damage from
exposure to asbestos.                ( )

(e) Special Management – Cases that do not fall into tracks (a) through (d) that are
commonly referred to as complex and that need special or intense management by
the court.  (See reverse side of this form for a detailed explanation of special
management cases.)                ( )

(f) Standard Management – Cases that do not fall into any one of the other tracks.    ( X )

| | | |
|---|---|---|
| 3/10/2023 | *Rachel C. Oeltjen* | Plaintiff, Lindsay Gordon |
| **Date** | **Attorney-at-law** | **Attorney for** |
| 215-545-7676 | 215-565-2859 | oeltjen@consolelaw.com |
| **Telephone** | **FAX Number** | **E-Mail Address** |

**(Civ. 660) 10/02**

**IN THE UNITED STATES DISTRICT COURT FOR
THE EASTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| LINDSAY GORDON,<br>Feasterville, PA  19053<br><br>           Plaintiff,<br>    v.<br><br>FRANK M. VACCARO & ASSOCIATES,<br>INC<br>1719 Spring Garden Street<br>Philadelphia, PA 19130<br><br>           Defendant. | CIVIL ACTION NO.:<br><br><br><br><br>**JURY TRIAL DEMANDED** |

## <u>COMPLAINT</u>

### I.    INTRODUCTION

Plaintiff, Lindsay Gordon ("Plaintiff"), a six (6) year employee of Defendant, Frank M. Vaccaro & Associates, Inc. ("Defendant"), brings claims against Defendant for having discriminated and retaliated against her in violation of Title VII of the Civil Rights Act of 1964, as amended, 42. U.S.C. §2000e, *et. seq.* ("Title VII"); the Family Medical Leave Act, 29 U.S.C. §2601, *et seq.* ("FMLA"); the Americans with Disabilities Act, as amended, 42 U.S.C. § 12101, *et seq.* ("ADA"); the Pennsylvania Human Relations Act, as amended, 43 P.S. §951, *et seq.* ("PHRA"); and the Philadelphia Fair Practices Ordinance, Phila. Code § 9-1101, *et seq.* ("PFPO").

### II.    PARTIES

1.    Plaintiff is an individual and citizen of the Commonwealth of Pennsylvania. She resides in Feasterville, Pennsylvania.

2.    Plaintiff is female.

1

3.      Defendant Frank M. Vaccaro & Associates, Inc. is organized under the laws of the Commonwealth of Pennsylvania with a principal place of business at 1719 Spring Garden Street, Philadelphia, PA 19130.

4.      Defendant is engaged in an industry affecting interstate commerce and regularly does business in the Commonwealth of Pennsylvania.

5.      At all times material hereto, Plaintiff worked for Defendant out of its offices throughout the Commonwealth of Pennsylvania, including without limitation, out of its location in Philadelphia, Pennsylvania.

6.      At all times material hereto, Defendant employed more than fifteen (15) employees.

7.      At all times material hereto, Defendant acted by and through its authorized agents, servants, workmen, and/or employees acting within the course and scope of their employment with Defendant and in furtherance of Defendant's business.

8.      At all times material hereto, Defendant acted as employers within the meaning of the statutes which form the basis of this matter.

9.      At all times material hereto, Plaintiff was an employee of Defendant within the meaning of the statutes that form the basis of this matter.

### III.     JURISDICTION AND VENUE

10.     The causes of action which form the basis of this matter arise under Title VII, the FMLA, the ADA, the PHRA, and the PFPO.

11.     The District Court has jurisdiction over Count I (Title VII), Count II (FMLA), and Count III (ADA) pursuant to 28 U.S.C. §1331.

12.     The District Court has supplemental jurisdiction over Count IV (PHRA) and Count V (PFPO) pursuant to 28 U.S.C. §1367.

2

13.    Venue is proper in this District Court under 28 U.S.C. §1391(b) and 42 U.S.C. §2000e-5(f).

14.    On or about April 11, 2022, Plaintiff filed a Charge of Discrimination with the Pennsylvania Human Relations Commission ("PHRC") complaining of the acts of discrimination and retaliation alleged herein. The Charge of Discrimination was cross-filed with the Equal Employment Opportunity Commission ("EEOC"). Attached hereto, incorporated herein, and marked as Exhibit "1" is a true and correct copy of the Charge of Discrimination (with personal identifying information redacted).

15.    On or about December 14, 2022 the EEOC issued the Plaintiff a Notice of Right to Sue for her Charge of Discrimination.  Attached hereto and marked as Exhibit "2" is a true and correct copy of the Notice (with personal identifying information redacted).

16.    Plaintiff has fully complied with all administrative prerequisites for the commencement of this action.

## IV.    FACTUAL ALLEGATIONS

17.    Plaintiff first began working at Defendant on or about June 1, 2015.

18.    Plaintiff last held the position of Pension Coordinator and Qualified Domestic Relations Order Coordinator.

19.    Plaintiff consistently performed her job duties in a highly competent manner.

20.    Plaintiff last reported to Christine Moser, Office Manager.

21.    Moser reported to Peter Flamini, Human Resources.

22.    At the time of Plaintiff's termination, in addition to her, the following employees reported to Moser:

    a.    Maureen Quigley, Profit Sharing Coordinator;

    b.    Sara Boland, Disability Coordinator;

    c.    Maura Mullin, Dental Coordinator;

    d.    _____, Receptionist;

    e.    _____, Floater;

    f.    Maura Kennedy, Health and Welfare Coordinator;

    g.    Janice Noble, Delinquency Coordinator.

23.    With the exception of Noble and Kennedy, Plaintiff was more qualified to perform these employees' positions.

24.    On or about December 1, 2020, Plaintiff learned that she was pregnant and due on August 4, 2021.

25.    In or about mid-December 2020, in conversations with Rick McGinley, the then-Human Resource Manager, Plaintiff informed Defendant that she was pregnant and due on August 4, 2021.

26.    McGinley instructed Plaintiff to work from home during her pregnancy due to COVID-19.

27.    Plaintiff stated that she would be going on maternity leave after giving birth.

28.    After disclosing her pregnancy, Plaintiff was treated differently and worse, and in a more hostile and dismissive manner than before she disclosed her pregnancy.

29.    Plaintiff was excluded from meetings and communications related to her job duties.

30.    Plaintiff was excluded from decisions that she had previously been included in.

31.    In 2021, after Plaintiff disclosed her pregnancy and before she went out on maternity leave, Defendant hired a new employee into the position of Receptionist.

32.     In 2021, after Plaintiff disclosed her pregnancy and before she went out on maternity leave, Defendant hired a new employee into the position of Floater.

33.     On August 6, 2021, Plaintiff went out on maternity leave.

34.     That same day, Plaintiff gave birth.

35.     On August 30, 2021, Plaintiff submitted to Susan Morgan, paperwork for FMLA and disability leave, to retroactively begin on August 6, 2021, in connection with her pregnancy and maternity leave.

36.     On August 30, 2021, in a response email from Morgan, copying Kimberly Ogden, she stated the following: "Your disability will begin 8/6/21 and will be for a total of six weeks.  If you have a complication (infection, etc.) that extends the disability, we will send a continuation form to you."

37.     On September 3, 2021, in an email to Morgan and Ogden, Plaintiff stated that her doctor recommended that she not return to work until January 7, 2022.

38.     Plaintiff's doctor recommended that she return to work on January 7, 2022 because she was experiencing postpartum depression.

39.     Postpartum depression is a mental health disorder and recognized as a pregnancy-related disability.

40.     On September 24, 2021, in an email to Morgan, Plaintiff stated that her doctor faxed her the completed supplemental paperwork, extending her maternity leave to January 7, 2022.

41.     On October 15, 2021, in an email to Moser and Flamini, Plaintiff stated the following: "Per my doctor, I am to be on leave through January 7, 2022. My doctor has been in contact with my Nurse Case Manager at FMVA over the past few weeks, to forward my Disability paperwork and paperwork they needed on their end."

42.     On October 15, 2021, in a response email from Flamini, he stated the following: "I'm glad that you are continuing to work with the Case Manager to keep your Disability benefits in order, and sorry to hear that your doctor feels you need to stay out of work through January 7th. I just want to remind you that I believe (and I will check with our Senior HR Manager to make sure) that your 12-weeks of FMLA coverage will end effective October 29th."

43.     On November 1, 2021, Plaintiff received a letter signed by Jason Micklewright (male), Senior Human Resources Manager, stating that her employment was terminated, effective October 31, 2021.

44.     The stated reason for Plaintiff's termination was that she had "been absent from work since August 9, 2021."

45.     On November 2, 2021, in an email from Micklewright, he stated the following: "You stated in your email communication on 10/15/21 to Christine Moser and Pete Flamini that you would not be able to return to work until at least 1/7/22.  This is over 9 weeks longer than what FMLA covers and places an undue hardship on the company in order to effectively operate.  This is the basis for your termination."

46.     Plaintiff was on maternity leave, with a return-to-work date of January 7, 2022, when Defendant terminated her employment.

47.     Plaintiff, at all relevant times, suffered from a serious health condition(s) related to her pregnancy and post-partum recovery.

48.     Before Plaintiff informed Defendant of her pregnancy, took a maternity leave, and sought pregnancy-related accommodations, Plaintiff had no indication that her job was in jeopardy.

49.     Plaintiff had no disciplinary issues throughout her employment.

50.    Plaintiff was the only employee reporting to Moser who was terminated effective October 31, 2021.

51.    Defendant's stated reason for Plaintiff's termination is pretext for discrimination and retaliation.

52.    Plaintiff's sex and/or pregnancy and/or maternity leave and/or seeking pregnancy-related accommodations (accommodations for pregnancy and post-partum-related medical conditions) was a motivating and/or determinative factor in Defendant's discriminatory and retaliatory treatment of Plaintiff, including, without limitation, in connection with her termination.

53.    Plaintiff's pregnancy and post-partum related disability was a motivating and/or determinative factor in Defendant's discriminatory and retaliatory treatment of Plaintiff, including without limitation, in connection with her termination.

54.    Defendant failed to engage in an interactive process and failed to accommodate Plaintiff.

55.    Defendant retaliated against Plaintiff for exercising her rights under the FMLA.

56.    Defendant interfered with Plaintiff's rights to FMLA leave.

57.    Plaintiff had no opportunity to remain employed with Defendant.

58.    Defendant assigned Plaintiff's job duties and responsibilities to male and/or not recently pregnant employees and/or employees who was had not taken maternity leave or sought pregnancy-related accommodations.

59.    Plaintiff was more qualified to perform her job duties and responsibilities than the male and/or not recently pregnant employees who had not taken maternity leave and who had not

sought pregnancy-related accommodations to whom Plaintiff's job duties and responsibilities were assigned.

60.    Defendant recently terminated Kristina Kaulinis (female), Office Manager, following her maternity leave.

61.    Defendant's comments and conduct evidence a bias against female and/or pregnant employees and/or employees who have taken maternity leave and/or employees seeking pregnancy-related accommodations.

62.    Defendant failed to prevent or address the discriminatory and retaliatory conduct referred to herein and further failed to take corrective and remedial measures to make the workplace free of discriminatory and retaliatory conduct.

63.    As a direct and proximate result of the discriminatory and retaliatory conduct of Defendant, Plaintiff has in the past incurred and may in the future incur a loss of earnings and/or earning capacity, loss of benefits, pain and suffering, embarrassment, humiliation, loss of self-esteem, mental anguish, and loss of life's pleasures, the full extent of which is not known at this time.

64.    Plaintiff is now suffering and will continue to suffer irreparable injury and monetary damages as a result of Defendant's discriminatory and retaliatory acts unless and until this Court grants the relief requested herein.

65.    Defendant acted with malice and/or reckless indifference to Plaintiff's protected rights.

66.    The conduct of Defendant, as set forth above, was outrageous and warrants the imposition of punitive damages against Defendant.

## **COUNT I – TITLE VII**

67.     Plaintiff incorporates by reference the above paragraphs, as if set forth herein in their entirety.

68.     By committing the foregoing acts of discrimination and retaliation against Plaintiff, Defendant has violated Title VII.

69.     Said violations were done with malice and/or reckless indifference to Plaintiff's protected rights and warrant the imposition of punitive damages.

70.     As a direct and proximate result of Defendant's violation of Title VII, Plaintiff has suffered the damages and losses set forth herein and has incurred attorneys' fees and costs.

71.     Plaintiff suffered and may continue to suffer irreparable injury and monetary damages as a result of Defendant's discriminatory and retaliatory acts unless and until this Court grants the relief requested herein.

72.     No previous application has been made for the relief requested herein.

## **COUNT II—FMLA**

73.     Plaintiff incorporates by reference the above paragraphs, as if set forth herein in their entirety.

74.     By committing the foregoing acts against Plaintiff, Defendant has violated the FMLA.

75.     Defendant's conduct was retaliatory and/or interfered with Plaintiff's rights to FMLA leave.

76.     Said violations were not in good faith, and Defendant did not have reasonable grounds to believe that the foregoing acts were not in violation of the FMLA.

77.     The imposition of liquidated damages is warranted.

78.     As a direct and proximate result of Defendant's violations of the FMLA, Plaintiff has suffered the damages and losses set forth herein and has incurred attorneys' fees and costs.

79.     Plaintiff suffered and may continue to suffer irreparable injury and monetary damages as a result of Defendant's violations of the FMLA unless and until this Court grants the relief requested herein.

80.     No previous application has been made for the relief requested herein.

## COUNT III—ADA

81.     Plaintiff incorporates by reference the above paragraphs, as if set forth herein in their entirety.

82.     By committing the foregoing acts of discrimination and retaliation against Plaintiff, including, without limitation, failing to provide Plaintiff a reasonable accommodation for her disability and failing to engage in the interactive process regarding the same, Defendant has violated the ADA.

83.     Defendant acted intentionally, and with malice and/or reckless indifference to Plaintiff's rights, and its conduct warrants the imposition of punitive damages.

84.     As a direct and proximate result of Defendant's violations of the ADA, Plaintiff has suffered the damages and losses set forth herein and has incurred attorneys' fees and costs.

85.     Plaintiff suffered and may continue to suffer irreparable injury and monetary damages as a result of Defendant's discriminatory and retaliatory acts unless and until this Court grants the relief requested herein.

86.     No previous application has been made for the relief requested herein.

## COUNT IV – PHRA

87.     Plaintiff incorporates by reference the above paragraphs, as if set forth herein in their entirety.

88.     By committing the foregoing acts of discrimination and retaliation against Plaintiff, Defendant has violated the PHRA.

89.     Said violations were intentional and willful.

90.     As a direct and proximate result of Defendant's violation of the PHRA, Plaintiff has suffered the damages and losses set forth herein and has incurred attorneys' fees and costs.

91.     Plaintiff suffered and may continue to suffer irreparable injury and monetary damages as a result of Defendant's discriminatory and retaliatory acts unless and until this Court grants the relief requested herein.

92.     No previous application has been made for the relief requested herein.

## COUNT V – PFPO

93.     Plaintiff incorporates by reference the above paragraphs, as if set forth herein in their entirety.

94.     By committing the foregoing acts of discrimination and retaliation against Plaintiff, Defendant has violated the PFPO.

95.     Said violations were done with malice and/or reckless indifference to Plaintiff's protected rights, and Defendant's conduct was especially egregious, warranting the imposition of punitive damages.

96.     As a direct and proximate result of Defendant's violation of the PFPO, Plaintiff has suffered the damages and losses set forth herein and has incurred attorneys' fees and costs.

97.     Plaintiff suffered and may continue to suffer irreparable injury and monetary damages as a result of Defendant's discriminatory and retaliatory acts unless and until this Court grants the relief requested herein.

98.     No previous application has been made for the relief requested herein.

<u>**RELIEF**</u>

WHEREFORE, Plaintiff seeks damages and legal and equitable relief in connection with Defendant's improper conduct, and specifically prays that the Court grant the following relief to Plaintiff by:

a. Declaring the acts and practices complained of herein to be in violation of Title VII;

b. Declaring the acts and practices complained of herein to be in violation of the FMLA;

c. Declaring the acts and practices complained of herein to be in violation of the ADA;

d. Declaring the acts and practices complained of herein to be in violation of the PHRA;

e. Declaring the acts and practices complained of herein to be in violation of the PFPO;

f. Enjoining and permanently restraining the violations alleged herein;

g. Entering judgment against Defendant and in favor of Plaintiff in an amount to be determined;

h. Awarding compensatory damages to make Plaintiff whole for all lost earnings, earning capacity, and benefits, which Plaintiff has suffered as a result of Defendant's improper conduct;

i. Awarding compensatory damages to Plaintiff for past pain and suffering, emotional upset, mental anguish, humiliation, and loss of life's pleasures, which Plaintiff has suffered as a result of Defendant's improper conduct;

j. Awarding punitive damages to Plaintiff;

k.  Awarding liquidated damages to Plaintiff;

l.  Awarding Plaintiff other such damages as are appropriate under Title VII, the FMLA, the ADA, the PHRA, and the PFPO;

m.  Awarding Plaintiff the costs of suit, expert fees and other disbursements, and reasonable attorneys' fees; and

n.  Granting such other and further relief as this Court may deem just, proper, or equitable including other equitable and injunctive relief providing restitution for past violations and preventing future violations.

**CONSOLE MATTIACI LAW LLC**

Dated: March 10, 2023            By:     */s/ Katherine C. Oeltjen*
                                        Katherine C. Oeltjen, Esquire (318037)
                                        1525 Locust Street, 9th Floor
                                        Philadelphia, PA 19102
                                        (215) 545-7676
                                        *Attorneys for Plaintiff Lindsay Gordon*

# EXHIBIT 1

**Received**

APR 1 1 2022

PA Human Relations Commission
Philadelphia Regional Office

COMMONWEALTH OF PENNSYLVANIA
GOVERNOR'S OFFICE
PENNSYLVANIA HUMAN RELATIONS COMMISSION

## COMPLAINT

COMPLAINANT:

**LINDSAY GORDON**                                        Docket No. 202102200

v.

RESPONDENT:

**FRANK M. VACCARO & ASSOCIATES, INC.** :

1. The Complainant herein is:

    Name:        Lindsay Gordon

    Address:     REDACTED
                 Feasterville, PA 19053

1. The Respondent herein are:

    Names:       Frank M. Vaccaro & Associates, Inc.

    Address:     1719 Spring Garden Street
                 Philadelphia, PA 19130

2. I, Lindsay Gordon, the Complainant herein, allege that I was subjected to unlawful

discrimination because of my sex (female) and pregnancy, as set forth below.

### Discrimination

A. I specifically allege:

[1]    I first began working at Respondent on or about June 1, 2015.

[2]    I last held the position of Pension Coordinator and Qualified Domestic

Relations Order Coordinator.

[3]     I consistently performed my job duties in a highly competent manner.

[4]     I last reported to Christine Moser, Office Manager. Moser reported to Peter Flamini, Human Resources.

[5]     At the time of my termination, in addition to me, the following employees reported to Moser. I was more qualified to perform these employees' positions except for Noble's and Kennedy's positions.

        a)  Maureen Quigley, Profit Sharing Coordinator;

        b)  Sara Boland, Disability Coordinator;

        c)  Maura Mullin, Dental Coordinator;

        d)  _____, Receptionist;

        e)  _____, Floater;

        f)  Maura Kennedy, Health and Welfare Coordinator;

        g)  Janice Noble, Delinquency Coordinator.

[6]     On or about December 1, 2020, I learned that I was pregnant and due on August 4, 2021.

[7]     In or about mid-December 2020, in conversations with Rick McGinley, then Human Resource Manager, I informed them that I was pregnant and due on August 4, 2021. McGinley instructed me to work from home during my pregnancy due to COVID-19. I stated that I would be going on maternity leave after giving birth.

[8]     After disclosing my pregnancy, I was treated differently and worse, and in a more hostile and dismissive manner than before I disclosed my pregnancy.

[9]     I was excluded from meetings and communications related to my job duties.

[10]      I was excluded from decisions that I had previously been included in.

[11]      In 2021, after disclosing my pregnancy and before I went out on maternity leave, Respondents hired _____, Receptionist.

[12]      In 2021, after disclosing my pregnancy and before I went out on maternity leave, Respondents hired _____, Floater.

[13]      On August 6, 2021, I went out on maternity leave.

[14]      On August 6, 2021, I gave birth.

[15]      On August 30, 2021, I submitted to Susan Morgan, _____, paperwork for FMLA and disability leave, to retroactively begin on August 6, 2021, in connection with my pregnancy and maternity leave.

[16]      On August 30, 2021, in a response email from Morgan, copying Kimberly Ogden, _____, she stated the following: "Your disability will begin 8/6/21 and will be for a total of six weeks. If you have a complication (infection, etc.) that extends the disability, we will send a continuation form to you."

[17]      On September 3, 2021, in an email to Morgan and Ogden, I stated that my doctor recommended that I not return to work until January 7, 2022.

[18]      On September 24, 2021, in an email to Morgan, I stated that my doctor faxed her the completed supplemental paperwork, extending my maternity leave to January 7, 2022.

[19]      On October 15, 2021, in an email to Moser and Flamini, I stated the following: "Per my doctor, I am to be on leave through January 7, 2022. My doctor has been in contact with my Nurse Case Manager at FMVA over the past few weeks, to forward my Disability paperwork and paperwork they needed on their end."

[20]      On October 15, 2021, in a response email from Flamini, he stated the following: "I'm glad that you are continuing to work with the Case Manager to keep your Disability benefits in order, and sorry to hear that your doctor feels you need to stay out of work through January 7th. I just want to remind you that I believe (and I will check with our Senior HR Manager to make sure) that your 12-weeks of FMLA coverage will end effective October 29th."

[21]      On November 1, 2021, I received a letter signed by Jason Micklewright (male), Senior Human Resources Manager, stating that my employment was terminated, effective October 31, 2021. The stated reason was that I had "been absent from work since August 9, 2021."

[22]      On November 2, 2021, in an email from Micklewright, he stated the following: "You stated in your email communication on 10/15/21 to Christine Moser and Pete Flamini that you would not be able to return to work until at least 1/7/22. This is over 9 weeks longer than what FMLA covers and places an undue hardship on the company in order to effectively operate. This is the basis for your termination."

[23]      I was on maternity leave, with a return to work date of January 7, 2022, when Respondents terminated my employment.

[24]      Respondent failed to accommodate me because of my pregnancy with an extended maternity leave of absence.

[25]      Before I informed Respondent of my pregnancy, took a maternity leave, and sought pregnancy-related accommodations, I had no indication that my job was in jeopardy.

[26]      I had no disciplinary issues throughout my employment.

[27]     I was the only employee reporting to Moser who was terminated effective October 31, 2021.

[28]     Respondent terminated my employment because of my sex and/or pregnancy and/or maternity leave and/or seeking pregnancy-related accommodations.

[29]     I had no opportunity to remain employed with Respondent.

[30]     Respondent assigned my job duties and responsibilities to male and/or not recently pregnant employees and/or employees who was had not taken maternity leave or sought pregnancy-related accommodations. I was more qualified to perform my job duties and responsibilities than the male and/or not recently pregnant employees who was had not taken maternity leave and who had not sought pregnancy-related accommodations to whom my job duties and responsibilities were assigned.

[31]     Respondent recently terminated Kristina Kaulinis (female), Office Manager, following her maternity leave.

[32]     Respondent's sex and pregnancy discriminatory conduct toward me has caused me emotional distress.

[33]     Respondent's comments and conduct evidence a bias against female and/or pregnant employees and/or employees who have taken maternity leave and/or employees seeking pregnancy-related accommodations.

      **B.** Based on the aforementioned, I allege that Respondent has discriminated against me because of my sex (female) and pregnancy, in violation of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e, *et seq.* ("Title VII"), the Pennsylvania Human Relations Act, as amended, 43 P.S. § 951, *et seq.* ("PHRA"), and the Philadelphia Fair Practices Ordinance, Phila. Code § 9-1101, *et seq.* ("PFPO").

3.    The allegations in Paragraph 3 hereof constitute unlawful discriminatory and

retaliatory practices in violation of:

   **X**     **Pennsylvania Human Relations Act (Act of October 27, 1955, P.L.**

**744, as amended) Section 5 Subsection(s):  (a)**

         Section 5.1 Subsection(s) _____

         Section 5.2 Subsection(s) _____

         Pennsylvania Fair Educational Opportunities Act (Act of July 17, 1961,

P.L. 766, as amended) Section 4 Subsection(s) _____

4.    Other action based upon the aforesaid allegations has been instituted by the

Complainant in any court or before any other commission within the Commonwealth of

Pennsylvania as follows:

   **X**     **This charge will be referred to the EEOC for the purpose of dual**

**filing.**

5.    The Complainant seeks that Respondent be required to:

(a) Make the Complainant whole.

(b) Eliminate all unlawful discriminatory and retaliatory practice(s) and procedure(s).

(c) Remedy the discriminatory and retaliatory effect of past practice(s) and

procedure(s).

(d) Take further affirmative action necessary and appropriate to remedy the violation

complained of herein.

(e) Provide such further relief as the Commission deems necessary and appropriate.

## VERIFICATION

I hereby verify that the statements contained in this complaint are true and correct to the best of my knowledge, information, and belief. I understand that false statements herein are made subject to the penalties of 18 P.A.C.A. Section 4904, relating to unsworn falsification to authorities.

4/8/2022
(Date Signed)

(Signature)   Lindsey Gordon
REDACTED
Feasterville, PA 19053

# EXHIBIT 2

**U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION**

Philadelphia District Office
801 Market St, Suite 1000
Philadelphia, PA 19107
(267) 589-9700
Website: www.eeoc.gov

## DETERMINATION AND NOTICE OF RIGHTS

(This Notice replaces EEOC FORMS 161 & 161-A)

**To:**  Lindsay Gordon
REDACTED
Feasterville, PA 19053

**Re:**  Lindsay Gordon v. Frank M. Vaccaro & Associates, Inc.
EEOC Charge Number: 17F-2022-60925

EEOC Representative and email:    State Local and Tribal Program Manager
PHLSTATEANDLOCAL@EEOC.GOV

## DETERMINATION OF CHARGE

The EEOC issues the following determination: The EEOC has adopted the findings of the state or local fair employment practices agency that investigated your charge.

### NOTICE OF YOUR RIGHT TO SUE

This is official notice from the EEOC of the dismissal of your charge and of your right to sue. If you choose to file a lawsuit against the respondent(s) on this charge under federal law, **your lawsuit must be filed WITHIN 90 DAYS of your receipt of this notice.** Receipt generally occurs on the date that you (or your representative) received this document. You should keep a record of the date you received this notice. Your right to sue based on this charge will be lost if you do not file a lawsuit in court within 90 days. (The time limit for filing a lawsuit based on a claim under state law may be different.)

Please retain this notice for your records.

On Behalf of the Commission:

Digitally Signed By: Karen McDonough  12/14/2022
Karen McDonough
Deputy District Director

cc:     For Respondent                          For Charging Party
Howard A Rosenthal                      Katherine C. Oeltjen
Archer & Greiner, P.C.                   Console Mattiacci Law
Three Logan Square                       1525 Locust St., 9Th Floor
1717 Arch Street, Suite 3500            Philadelphia, PA 19102
Philadelphia, PA 19103